UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 14 2014
Clerk, U.S. District and
Bankruptcy Courts

Thomas Jefferson Breland,	)
	)
    Plaintiff,	)
	)
v.	)  Civil Action No. 14-0988 (UNA)
	)
Charles E. Samuels, Jr. *et al.*,	)
	)
    Defendants.	)
	)

## MEMORANDUM OPINION

Plaintiff seeks reconsideration of the August 22, 2014 Order dismissing this case for his failure to comply with the filing fee requirements of the Prison Litigation Reform Act ("PLRA"). He has attached the requested financial information to his Motion for Reconsideration to warrant granting the motion and vacating the dismissal order. However, the Court has reviewed the complaint in accordance with the PLRA's screening provisions set out at 28 U.S.C. § 1915A and concludes that the complaint fails to state a claim upon which relief can be granted. Hence, the dismissal will stand.

Plaintiff is currently incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania. The complaint is based on alleged inadequate medical treatment plaintiff claims he has received since entering the Bureau of Prisons ("BOP") in September 1998. *See* Compl. at 2. Claiming negligence and violations of the Eighth Amendment's proscription against cruel and unusual punishment, *id.* at 7, plaintiff names as defendants Bureau of Prisons Director Charles E. Samuels and three other high-level officials based at BOP headquarters in Washington, D.C., *id.*

1

at 4. Plaintiff purports to sue the defendants in their official and personal capacities; he seeks monetary damages exceeding $70,000 and declaratory relief. *Id.* at 7.

Plaintiff complains about medical treatment he received in different years of his incarceration without identifying the particular BOP facility or the medical personnel who provided the services. *See* Compl. at 4-6. He faults the named defendants for "policy, practice and procedure . . . of medical indifference to plaintiff and similarly situated [prisoners]." *Id.* at 14. Plaintiff has mistakenly invoked 42 U.S.C. § 1983 as the basis of jurisdiction since, by its terms, that statute applies only to state action. Plaintiff's claim is properly considered under the analogous cause of action against federal officials recognized in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

In a *Bivens* lawsuit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (dismissing *Bivens* claim based "on the bare assumption that policy decision made in Washington might have affected Cameron's treatment in Terre Haute"); *see also Farmer v. Moritsugu*, 163 F.3d 610, 615-16 (D.C. Cir. 1998) (explaining that "the most important point in this case is that Moritsugu [as the overseer of medical operations in BOP facilities nationwide] is not the person within the BOP who determines whether [a certain treatment] is required in a given case . . . . Such determinations are made at the local level, *i.e.*, within individual BOP institutions," and finding "untenable" the idea that the BOP Medical Director could be "liable for all alleged mistakes in the individual diagnoses of every inmate in the BOP system, simply by virtue of an inmate's complaint"); *Iqbal* at 676-77 (respondeat superior and vicarious liability theories found inapplicable to *Bivens* claim). Since the named officials are not alleged to have

2

participated in plaintiff's actual care at a BOP facility, they cannot be held personally liable for money damages under *Bivens*.

Plaintiff's official-capacity lawsuit for damages essentially is against the United States, which is subject to suit only upon consent "unequivocally expressed in statutory text[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996); *accord United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). The United States has not consented to be sued for constitutional violations. *See FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994). To the extent that plaintiff is seeking damages for negligence, he cannot maintain that claim before exhausting his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . .," 28 U.S.C. § 2675. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007).

In the absence of a *Bivens* claim or subject matter jurisdiction over any FTCA claim, the Court has no basis to entertain plaintiff's claim for declaratory relief since "the availability of [declaratory] relief presupposes the existence of a judicially remediable right." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011). Hence, the complaint will be dismissed in its entirety. A separate Order accompanies this Memorandum Opinion.

/s/
United States District Judge

DATE: October 6, 2014